UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
SEP 17 2020
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. **4:20CR573 CDP-NCC** |
| YVONNE WOODS, | ) ) ) | |
| Defendant. | ) | |

## INDICTMENT

The Grand Jury charges that:

### The Defendant

1. At all times relevant to this Indictment, defendant Yvonne Woods was a resident of the City of St. Louis, Missouri, within the Eastern Division of the Eastern District of Missouri. Defendant claimed to be home-bound and in need of receiving home health care benefits that were funded by the Missouri Medicaid program.

### Background

### The Missouri Medicaid Program

2. The Missouri Medicaid Program is a health care benefit program within the meaning of 18 U.S.C. § 24(b) that affects interstate commerce and provides low income citizens of Missouri with medical benefits, items, and services. Funded by federal and state tax revenue, the Missouri Department of Social Services administers the Missouri Medicaid Program under federal law, with guidance from the United States Department of Health and Human Services.

3. Under certain circumstances, the Missouri Medicaid program provides reimbursement for personal care services delivered to beneficiaries in the home setting. Personal

care services include meals, the cleaning and grooming of the beneficiary, medication management, and other services. The goal of personal care services is to enable the beneficiary to remain in the home setting with just outpatient treatment instead of long term inpatient stays in hospitals and nursing homes.

4.  All Medicaid providers, including personal care providers, must retain fiscal and medical records that fully document services billed to Medicaid for five years from the date of service, and must furnish or make the records available for inspection or audit by the Missouri Medicaid Program or its representative upon request. Failure to furnish, reveal, or retain adequate documentation for services billed to the Medicaid Program may result in recovery of the payments for those services not adequately documented and may result in sanctions to the provider's participation in the Medicaid Program.

5.  For personal care services, the records required by the program include log sheets containing the name of the personal care attendant, the name of the beneficiary, the dates of service delivery, the time spent with the beneficiary, the daily care activities performed on each date, and the signature of the beneficiary and personal care attendant for each visit. Typically, Missouri Medicaid uses the amount of hours spent providing personal care services when calculating the amount of reimbursement to provide, making the accuracy of the records regarding which personal care services were performed over what timeframe material to the program.

### Defendant's False Claims to the Missouri Medicaid Program

6.  During 2013-2018, defendant made arrangements to receive and continue to receive home health care from the Missouri Medicaid program through a local home health care company. As part of these arrangements, during 2013-2018, defendant underwent training and

signed time-sheets on a regular basis. Among other information, the forms warned defendant that submitting inaccurate or false timesheets was a crime.

7. Initially, defendant received some home health care services from an attendant with the initials T.B. But on or about October 4, 2014, T.B. obtained a full time job with another employer, and stopped providing home health care services to the defendant. After on or about October 4, 2014, defendant set up a bank account using T.B.'s name and defendant's address and telephone number, defendant then submitted and caused to be submitted false time sheets to the Missouri Medicaid program indicating that T.B. was regularly providing her with home health care services on a weekly basis. When the Missouri Medicaid Program paid these home health care claims without knowing of their false and fraudulent nature, defendant obtained and spent the program payments from the bank account that she had set up using T.B.'s name, including payments for utility bills, cellular telephone bills, food, and other personal expenditures.

## Counts 1-3

8. Paragraphs 1 through 7 are incorporated by reference, as if fully set forth herein.

9. On or about the dates indicated below, in St. Louis, Missouri, in the Eastern Division of the Eastern District of Missouri, and elsewhere,

**YVONNE WOODS,**

the defendant herein, made and caused to be presented to the Missouri Medicaid program claims upon and against the United States, that is, claims for home health care services rendered to defendant by T.B., knowing that the claims were materially false, fictitious, and fraudulent in that defendant then and there well knew said statements and representations were false, fictitious, and fraudulent, as T.B. was not providing any home health care services to defendant on the dates and times indicated in the time sheets.

| COUNT | DATE OF OFFENSE | ACTUAL LOCATION OF T.B. ON THAT DATE |
|---|---|---|
| 1 | May 1, 2019 | T.B. at his job in University City, MO |
| 2 | January 1, 2019 | T.B. at his job in University City, MO |
| 3 | January 1, 2018 | T.B. at his job in University City, MO |

All in violation of Title 18, United States Code, Sections 287 and 2.

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____

A.U.S.A. ANDREW J. LAY, #39937

4